**Helen SMITH and Herman Smith, Plaintiffs-Appellants,**

v.

**Tianna STECHEL et al., Defendants-Appellees.**

No. 72–1846.

United States Court of Appeals, Ninth Circuit.

Feb. 3, 1975.

Lowell Johnston (argued), San Francisco, Cal., for plaintiffs-appellants.

Peter W. Davis, Oakland, Cal. (argued), of Grubb & Ellis Co. & Price, for defendants-appellees.

## OPINION

Before MERRILL, HUFSTEDLER and TRASK, Circuit Judges.

MERRILL, Circuit Judge:

The plaintiffs in this civil rights action appeal from a judgment of the district court dismissing the action. Their complaint, which was filed on December 7, 1971, alleged that they were hired by appellee Grubb & Ellis, as agent for appellee Stechel, to manage an apartment complex of seventy-three units located in Oakland, California, and owned by Stechel; that they were fired on September 10, 1970, by appellee Price, an employee of Grubb & Ellis, for renting apartments to blacks and Mexican-Americans. They asserted that this constituted a violation of rights granted, among other sections, by 42 U.S.C. §§ 1981 and 1982, and §§ 810, 812, and 817 of Title VIII of the 1968 Civil Rights Act, 42 U.S.C. §§ 3610, 3612, and 3617, with jurisdiction conferred by 28 U.S.C. § 1343(4).

The district court ruled that the allegations were insufficient to state a claim of violation of rights conferred by §§ 1981 or 1982, and that any rights bestowed by Title VIII were barred by limitation. Both rulings are assigned as error. We hold that the court erred in holding the claim under Title VIII barred by limitation. Accordingly, we do not reach the questions presented by the ruling as to §§ 1981 and 1982.

Title VIII provides, in 42 U.S.C. §§ 3604, 3605 and 3606, that certain discrimination on the basis of race, color,

religion or national origin in the renting of dwellings and in the provision of financing and brokerage services shall be unlawful. Section 3602(f) provides: " 'Discriminatory housing·practice' means an act that is unlawful under section 3604, 3605, or 3606 of this title."

The limitations held to be applicable by the district court were those set forth in 42 U.S.C. §§ 3610 and 3612(a). The latter provides immediate access to the courts by civil action brought "within one hundred and eighty days after the alleged discriminatory housing practice occurred * * *." Section 3610 provides procedures for remedying discriminatory housing practices with the assistance of the Secretary of Housing and Urban Development in efforts to obtain voluntary compliance with the Act, with times specified within which each specified step may be taken. There would seem to be no question that suit here was not brought within the time provided by these two sections.

■■■ However, on the facts before us, these are not the applicable sections. Section 3617 is the section applicable to the facts of this case. It provides as follows:

"It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title. This section may be enforced by appropriate civil action."

This section is not expressly brought within the limitation provisions of §§ 3610 or 3612 by the language of those sections. They refer only' to cases of discriminatory housing projects as defined in §§ 3604, 3605 and 3606.

■■ The district court ruled that in absence of any contrary provision respecting limitations, the most appropriate period applicable to § 3617 would be that applicable to claims arising under the sections to which it makes reference. We disagree.

Section 3617 does not necessarily deal with a discriminatory housing practice, or with the landlord, financer or brokerage service guilty of such practice. It deals with a situation where no discriminatory housing practice may have occurred at all because the would-be tenant has been discouraged from asserting his rights, or because the rights have actually been respected by persons· who suffer consequent retaliation. It also deals with situations in which the fundamental inequity of a discriminatory housing practice is compounded by coercion, intimidation, threat or interference.

In such cases the functions assigned to HUD in order to seek to obtain voluntary compliance will not assume the significance they have in cases involving discriminatory housing practices. Further, the importance of unusual promptness in resolving disputes concerning rights to housing does not exist where the grievance is not the loss or lack of housing but is, instead, injury resulting from wrongful interference or retaliation.

Finally, § 3617 could very simply have been brought expressly within the limitation period provided by § 3610 or § 3612. Congress seems designedly to have refrained from doing so. The concluding sentence of § 3617, "This section may be enforced by appropriate civil action" to us seems to say that that "appropriate civil action" can be brought within the time generally applicable to such action.

Reversed and remanded with instructions that judgment be vacated and for further proceedings.