**Jerry L. MEADOWS and Joan W. Meadows, Plaintiffs,**

v.

**EDGEWOOD MANAGEMENT CORPO-RATION t/a Dolly Ann Apartments and John E. Alderson, Jr., Defendants.**

Civ. A. No. 76–0021(R).

United States District Court,
W. D. Virginia,
Roanoke Division.

March 9, 1977.

William A. Parks, Jr., Erwin S. Solomon and Associates, Hot Springs, Va., for plaintiffs.

Gregory D. Haight, Falls Church, Va., for defendants.

OPINION and JUDGMENT

DALTON, District Judge.

This matter is before the court for decision pursuant to agreement by the parties and by order of this court on the basis of depositions and memorandum. The instant cause of action arises under Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.*, also known as the Fair Housing Act. More specifically, plaintiffs allege that defendants and their agents have unlawfully and maliciously coerced, intimidated, threatened and interfered with them in violation of 42 U.S.C. § 3617 [1] on account of their aid and encouragement to

___

1.  42 U.S.C. § 3617
    It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the

exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other per-

a tenant, Mary Brown, in the exercise of her rights protected under 42 U.S.C. § 3604(b). Section 3604(b) makes it unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, or national origin." This court has jurisdiction pursuant to 28 U.S.C. § 1343(4).

■ The gravamen of plaintiffs' complaint is that they were dismissed from their employment at Dolly Ann Apartments in Covington, Virginia because they aided or encouraged a black tenant, Mary Brown, in the assertion of her right to fair housing. Title VIII of the Civil Rights Act of 1968 was designed to provide fair housing throughout the nation and is a valid exercise of congressional power under the thirteenth amendment to eliminate badges and incidents of slavery. *U. S. v. Hunter*, 459 F.2d 205, 214 (4th Cir. 1972). Title VIII not only affords protection to those who are actually discriminated against but in section 3617 protects persons who aid or encourage others in securing rights to equal housing opportunities and conditions by making it unlawful to coerce, intimidate, threaten or interfere with them because of their aid or encouragement. In *Smith v. Stechel*, 510 F.2d 1162, 1164 (9th Cir. 1975), one of the few reported cases under 42 U.S.C. § 3617, the court noted that this section deals with situations in which the fundamental inequity of a discriminatory housing practice is compounded by coercion, intimidation, threat or interference. Indeed, this section clearly provides protection for those who through aid and encouragement to other persons respect their right to fair housing and then suffer retaliation. The court finds that section 3617 provides a remedy in a situation where a resident manager and maintenance technician are dismissed by their employers because of their aid or encouragement to tenants in asserting their right to fair housing. However, the plain-

tiff bears the burden of proof by a preponderance of the evidence on each issue including that they actually aided or encouraged the individual or group in the exercise or enjoyment of rights under 42 U.S.C. § 3604(b) to equal services and conditions of housing.

On the basis of a thorough examination of the depositions, exhibits and memorandum the court makes the following findings of fact and conclusions of law. Edgewood Management Corporation, a defendant in the instant case, is a party to a rent supplement contract with the Secretary of Housing and Urban Development and operated the Dolly Ann Apartments in Covington, Virginia during the time in question. John E. Alderson is the project manager for Dolly Ann Apartments and is an agent for Edgewood Management Corporation. On October 24, 1975 Joan W. Meadows and her husband Jerry L. Meadows, plaintiffs in this action, were employed by Edgewood Management Corporation as resident manager at $100.00 per week and maintenance technician at $120.00 per week respectively for Dolly Ann Apartments. In addition to this salary the Meadows were provided with living accommodations and major medical insurance. On June 4, 1975, prior to the Meadows' employment at Dolly Ann Apartments, Mary Brown, a black tenant, filed a complaint with the Secretary of Housing and Urban Development pursuant to 42 U.S.C. § 3610 alleging that she was being subjected to differential treatment by Dolly Ann management in violation of 42 U.S.C. § 3604(b). Mr. Thomas D. Brown, a fair housing specialist, investigator and conciliator for H.U.D., investigated Mary Brown's complaint. Based on his investigation H.U.D. decided to resolve the complaint and entered into negotiations with Edgewood Management Corporation which resulted in a conciliation agreement. Dreama and David Byer were the resident manager and maintenance technician prior to the Mead-

son in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title. This section may be enforced by appropriate civil action.

ows' employment. They remained until approximately December 1, 1975 and assisted John Alderson in the Meadows on site training. One January 2, 1976 John Alderson met with Joan Meadows in the resident manager's office at the end of the day. During this meeting Mr. Alderson informed Mrs. Meadows that she was being reduced from resident manager to part-time secretary and that Phyllis Pulley was being promoted from secretary to resident manager. Mr. Alderson stated that he demoted Mrs. Meadows because of poor attitude, absenteeism, acceptance of foster children without prior agreement and unilateral change of apartments. He denies that he told Mrs. Meadows that she was being demoted because of friendliness towards Mary Brown. In a letter dated January 12, 1976 Mr. Alderson informed his superior Robert Robinson, executive vice president of defendant Edgewood Management Corporation, that he had demoted plaintiff because of "absenteeism, operating errors in judgment and other acts of indiscretion." In addition he stated, "I won't attempt to summarize everything in writing but will give you full details when you visit later this month." Mr. Robinson did visit Dolly Ann Apartments on January 23, 1976 and following his visit the Meadows were terminated on February 6, 1976. Joan Meadows' version of the January 2, 1976 meeting with John Alderson differs significantly from his version. She states that during this meeting he supplied her with unsubstantiated rationalizations for her demotion and that the real reason she and her husband were demoted and then fired was because their friendliness with Mary Brown was allegedly costing the company a great deal of money. In her deposition Mary Brown testified that she heard by rumor that the Meadows were fired because of their friendliness with her. Whether or not Mr. Alderson ever used friendliness towards Mary Brown as a reason, the gravamen of plaintiffs' complaint is that the reasons stated for their dismissal were merely after the fact rationalizations used to cover up defendants' real motivation which according to plaintiffs was to punish them for daring to aid and encour-

age black tenants, including Mary Brown in particular, in the exercise or enjoyment of their right to fair housing. One of the reasons given for the Meadows' dismissal was absenteeism. The court finds that although the plaintiffs have cast substantial doubt on the reliability of defendants' method of absence computation, the fact remains from plaintiffs' testimony and that of others that they had been absent on a number of occasions between December 1, 1975 and February 6, 1976 when they were terminated.

The plaintiffs basically rely on four situations to prove that racial discrimination existed at Dolly Ann Apartments and that they were dismissed because they aided or encouraged tenants, specifically Mary Brown, in the exercise or enjoyment of their right to fair housing. The first fact plaintiff relies on is Mary Brown's complaint filed June 4, 1975 against Dolly Ann Apartments and the subsequent conciliation agreement. As a practical matter since the plaintiffs were not hired until at least October 24, 1975 it is quite improbable that they aided or encouraged her in filing the H.U.D. complaint. In addition, the court does not find Mr. Brown's methodology used in arriving at his determination of differential treatment persuasive. The court notes that evidence of statements made during settlement negotiations sponsored by H.U.D. is specifically made inadmissible by 42 U.S.C. § 3610(a) without the written consent of all parties. *Madison v. Jeffers*, 494 F.2d 114 (4th Cir. 1974). The mere fact of the complaint and conciliation agreement do not evidence any aid or encouragement within the parameters of section 3617.

The second event plaintiff relies on concerns an eclipse which apparently occurred before the Meadows' employment. The event is relied on to demonstrate differential treatment towards blacks by Edgewood Management Corporation agents. Although the events surrounding the incident are somewhat unclear it seems that a number of tenants black and white were sitting on the breezeway watching the eclipse when David Byer came up and singled out

Mary Brown and told her that he had received a complaint that she was creating a disturbance. Her uncontradicted testimony reveals that he then informed her that she was not allowed to sit on the breezeway as this was against company regulation. She could not say whether Mr. Byer went downstairs and confronted the group she blamed the disturbance on. The most this incident and Mr. Byer's uncontradicted reaction to Mary Brown and other Dolly Ann tenants reveals is a distaste for her, members of her family and numerous other Dolly Ann tenants.

The third incident plaintiffs rely on concerns the negative reaction of Rodney Byer, maintenance supervisor, to plaintiffs' loan of a company floor scrubber to Mary Brown's son. While it is uncontroverted that David and Dreama Byer, the Meadows' predecessors, had loaned a similar scrubber, apparently without objection to another tenant Anita Parker, it is also true that it was against Edgewood Management Corporation regulations to loan company equipment to tenants. This incident reveals simply that an agent of defendant objected to the use of the scrubber by one black tenant but did not object to its use by two other tenants.

The final incident plaintiffs rely on to infer intimidation and racially discriminatory motivation are remarks allegedly made to plaintiffs by John Alderson during a pre-employment meeting. During this meeting the defendant apparently used a racial epithet to describe Mary Brown and instructed plaintiffs to leave her alone. Plaintiffs' testimony does not indicate that they felt threatened or coerced by defendants' remarks although they understandably found them quite distasteful. In view of the fact that Mary Brown had filed a complaint against defendants it is not unrealistic to assume that management would not want the new resident manager to provoke her. Indeed, plaintiffs' own testimony reveals that they treated her as any other tenant and did not provide her with special assistance. The fact of a racially derogatory statement does not reveal acts of aid or encouragement on plaintiffs' part on behalf of any tenant in order to entitle them to protection under 42 U.S.C. § 3617.

 The court finds as a matter of law that plaintiffs have failed to prove by a preponderance of the evidence that the plaintiffs aided or encouraged Mary Brown in the exercise or enjoyment of her rights under 42 U.S.C. § 3604(b) within the meaning of 42 U.S.C. § 3617. The court finds insufficient credible evidence to prove that plaintiffs were dismissed because they aided or encouraged Mary Brown in the assertion of any rights. Accordingly the court will enter judgment for the defendants and orders this case stricken from the docket.