Henry VERCHER, Plaintiff,

v.

HARRISBURG HOUSING AUTHORITY and William Phillips, Defendants.

Civ. A. No. 77–1169.

United States District Court,
M. D. Pennsylvania.

Aug. 3, 1978.

---

**424**

John D. Thrush, Caldwell, Clouser & Kearns, Harrisburg, Pa., for plaintiff.

Elliot A. Strokoff, Paul J. Dellasega, Handler, Gerber & Weinstock, Harrisburg, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

Plaintiff seeks redress for alleged wrongful termination of his employment as Social Services Coordinator with Defendant Harrisburg Housing Authority ("Authority"). Causes of action are asserted under the Fair Housing Act, 42 U.S.C. §§ 3612, 3617, and the Civil Rights Acts, 42 U.S.C. §§ 1983, 1985. Before the Court is Defendants' motion to dismiss.

The complaint alleges as follows:

In the course of his employment Plaintiff received complaints from tenants that housing operated by the Authority and occupied primarily by black persons received less protection by Harrisburg city police than housing occupied by white persons. In an attempt to secure equal police protection for Authority tenants, Plaintiff brought the tenants' complaints to the attention of the Harrisburg Urban League. Upon learning of Plaintiff's communication with the Urban League, Defendant Phillips demanded Plaintiff's resignation. When Plaintiff did not resign voluntarily, Phillips fired him, and the other members of the Authority later ratified that action.

■ Count I asserts claims under Sections 812 and 817 of the Fair Housing Act, 42 U.S.C. §§ 3612, 3617. Defendants move to dismiss this count on the grounds that Plaintiff had been deprived of no rights protected by the Housing Act.

It is clear that Plaintiff has no cause of action under 42 U.S.C. § 3612. That section provides for suits to redress discriminatory housing practices as defined in §§ 3604, 3605 and 3606. Plaintiff does not allege that he has been the victim of any discriminatory housing practice, nor does he seek to correct any such practice through this suit.

■ A closer question is presented by Plaintiff's claim under 42 U.S.C. § 3617, which prohibits retaliation against those who aid others in exercising rights protected by the Fair Housing Act.[1] Plaintiff contends that his communication with the Urban League was an attempt to secure for tenants a right guaranteed by 3604(b),[2] and that his resulting dismissal is therefore actionable under § 3617.

If Plaintiff had in fact been discharged for his efforts to secure fair housing rights for others, he would clearly have a cause of action under § 3617. *Smith v. Stechel,* 510 F.2d 1162 (9th Cir. 1975); *Meadows v. Edgewood Management Corp.,* 432 F.Supp. 334 (W.D.Va.1977). But although Plaintiff was attempting to end a form of discrimination, it cannot fairly be said that he was attempting to enforce any right protected by the housing act. Police protection is not housing. Nor does it have any direct connection with the sale, rental or occupancy of housing. Certainly the amount of police protection citizens receive has some impact on their use and enjoyment of their homes; but the same could be said of any municipal service. To say that every discriminatory municipal policy is prohibited by the Fair Housing Act would be to expand that Act to a civil rights statute of general applicability rather than one dealing with the specific problems of fair housing opportunities. We do not believe the act was intended to

---

1. § 3617. *Interference, coercion, or intimidation; enforcement by civil action.*

   It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by §§ 3603, 3605 or 3606 of this title. This section may be enforced by appropriate civil action.

2. § 3604. *Discrimination in sale or rental of housing.*

   . . . [I]t shall be unlawful—
   (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, or national origin.

have such a wide scope. As discussed below, Plaintiff has a cause of action under 42 U.S.C. § 1983. In view of a ready remedy under the more general civil rights statute, it would be improper to find a remedy under Plaintiff's somewhat expansive interpretation of the Fair Housing Act.

■ In the recent decision, *Monell v. New York City Department of Social Services,* —— U.S. ——, 98 S.Ct. 2018, 56 L.Ed.2d 611, the Supreme Court overruled in part *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), which had held that municipal corporations were immune from suit under 42 U.S.C. § 1983. Thus, as the law now stands the Defendant Housing Authority can be held liable if it can be shown that Plaintiff has suffered a constitutional wrong as a result of an official act or policy of the Authority. The allegation that Plaintiff was fired for speaking out on a matter of public concern and that the Authority ratified the firing is clearly sufficient to state a claim of constitutional deprivation. See *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

■ Count II of the complaint also seeks to assert a cause of action under 42 U.S.C. § 1985. One element of a claim under § 1985 is that the constitutional deprivation complained of be motivated by racial or other class-based animus. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 28 L.Ed.2d 338 (1971); *Waits v. McGowan,* 516 F.2d 203 (3d Cir. 1975). The complaint alleges no such class-based motivation and therefore states no claim under § 1985.