**UNITED STATES of America, Plaintiff,**

**v.**

**CITY OF HAYWARD, CALIFORNIA, Defendant.**

**No. C–91–4187 FMS.**

United States District Court,
N.D. California.

Nov. 2, 1992.

Brian F. Heffernan, John R. Dunne, Paul F. Hancock, Sharon Bradford Franklin, U.S. Dept. of Justice, Civil Rights Div., Housing and Civil Enforcement Section, Washington, D.C., for U.S.

Alice C. Graff, City Atty., Hayward City Atty.'s Office, Hayward, Cal., Barry S. Willdorf, Willdorf & Stevens, San Francisco, Cal., for City of Hayward.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FERN M. SMITH, District Judge.

### INTRODUCTION

The United States brought suit against the City of Hayward ("Hayward") for a violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3617, arising from Hayward's enforcement of its rent control statute. Both parties have brought motions for summary judgment. For the reasons set forth below, the United States' motion for summary judgment is GRANTED and Hayward's motion for summary judgment is DENIED.

### BACKGROUND

S.G. Borello & Sons Corporation ("Borello") owns and operates Eden Roc Mobile Home Park in Hayward, California. Prior to 1989, Eden Roc was operated as an "adult-only" park, and residents were required to be at least eighteen years old.

In 1988, Congress enacted the Fair Housing Amendments Act to prohibit discrimination against families with minor children. This amendment included an exemption for housing for older persons. On June 28, 1989, Borello entered into its first lease with a family with minor children. Hayward contends that Borello knew this single lease would not affect the park's eligibility for a senior exemption under the FHA and that Borello intended to claim the exemption. Hayward alleges Borello confirmed its intention in writing to an existing tenant and orally to new tenants.

On October 24, 1989, Hayward passed an ordinance prohibiting discrimination against families with children as well as a "vacancy decontrol ordinance" which would free the park from rent restrictions on new residents. On January 1, 1990, Borello issued new Park Rules and Regulations stating its intention to open the park to families with children. Hayward asserts Borello opened the park to families with children hoping that it would cause its predominantly senior residents to leave, thereby allowing it to bring in new tenants at increased rental rates.

On January 16, 1990, 167 seniors filed a petition with Hayward's Rent Control Office claiming that opening the park to families with children amounted to a reduction of services, entitling them to a reduction in rent pursuant to the rent control ordinance. Hayward accepted the seniors' petition for filing and assigned an arbitrator to hear and decide the petition. The arbitrator concluded the petitioners were not precluded in their claims by the FHA, found there was a reduction in services and awarded rent reductions.

On August 28, 1990, Borello filed a Verified Petition for Writ of Mandamus against Hayward in Alameda County Superior Court seeking review of the arbitrator's decision. Hayward defended the action. On April 25, 1991, Borello's petition for a writ was denied; it did not appeal.

On July 24, 1990, Borello filed a housing discrimination complaint with the United States Department of Housing and Urban Development ("HUD") against Hayward. Following its investigation, HUD determined the complaint involved the legality of a state or local zoning or land use ordinance, and referred the matter to the Attorney General. The United States then filed this action against Hayward, alleging a violation of 42 U.S.C. § 3617 for coercing

and interfering with Borello on account of its efforts to aid families with children to enjoy their protected rights under the FHA.

## DISCUSSION

Summary judgment should be granted when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In order to resolve the parties' cross-motions for summary judgment, it is necessary to address the following issues: (1) whether Hayward interfered with Borello's attempt to aid families with children, and (2) whether any absolute defenses raised by Hayward apply.

A. Hayward interfered with Borello's attempt to open the park to families with children.

■■■ Federal law preempts local ordinances if Congress has expressly stated its intent to supersede state law, or Congress has legislated so comprehensively in an area that federal law occupies the entire field, or the ordinance actually conflicts with federal law. *Wisconsin Public Intervenor v. Mortier,* —— U.S. ——, 111 S.Ct. 2476, 2482, 115 L.Ed.2d 532 (1991). A conflict occurs when the ordinance frustrates federal purposes and objectives. *Id.* The United States alleges that Hayward applied its rent control ordinance in a manner that conflicted with the FHA by penalizing Borello for opening the park to families with children.

■■ Hayward contends its actions did not violate the FHA since it merely accepted the seniors' petition for filing and referred the matter to an independent third party arbitrator. Hayward's contention is without merit. First, Hayward's authority to accept the petition and refer the matter to binding arbitration was derived from its rent control ordinance and its police power.[1] Second, since the parties did not vol-untarily consent to arbitration, the arbitrator's authority was derived solely from a delegation of administrative power by Hayward. As a result, the arbitrator was acting as Hayward's agent, and Hayward is liable for any acts committed by the arbitrator that violate the FHA. As the Ninth Circuit has recognized, "with the exception of § 1983, the general rule regarding actions under civil rights statutes is that respondeat superior applies … [and has been applied to] Title VIII of the Fair Housing Act of 1968." *Bonner v. Lewis,* 857 F.2d 559, 566 (9th Cir.1988).

Hayward violated 42 U.S.C. § 3617 through the actions of the arbitrator. Section 3617 provides in relevant part:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person … on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

The arbitrator found that "the existence and maintenance of an adult-only environment" constituted a "housing service" under section 2(e) of the rent control ordinance. She also found that opening Eden Roc to families with children caused a "service reduction" because the residents "were no longer assured of the stability and predictability of their environment, as they had been under the previous 'adult-only' rules." The decision to award a rent reduction to compensate for the "change of status of the park from adult-only to a family park" is contrary to the FHA's purpose of providing non-discriminatory housing and protecting those who do provide such housing. Hayward's actions violate section 3617 because it penalizes and interferes with Borello's decision to provide housing to families with children.

Hayward contends there can be no violation of section 3617 without an underlying substantive violation of the FHA. The Ninth Circuit disagrees. In *Smith v. Stechel,* 510 F.2d 1162, 1164 (9th Cir.1975), the

---

**1.** Borello was required to submit to the arbitration process as a condition for obtaining the necessary permits to operate the mobile home park.

court held section 3617 applies where no discriminatory housing practice may have occurred at all, but where fair housing "rights have actually been respected by persons who suffer consequent retaliation." Thus, Hayward violated the FHA by violating section 3617.

### B. None of the absolute defenses raised by Hayward apply to this action.

Hayward asserts that the following absolute defenses apply, thereby releasing it from any liability for its actions: (1) the FHA does not apply to this property; (2) the City is immune; (3) the United States has failed to join indispensable parties to this action; and (4) none of plaintiff's claims for relief are proper in this action.

#### 1. *The FHA does apply to this property.*

■ Hayward claims the FHA does not apply to this property because it satisfies the requirements for an exemption for housing for older persons pursuant to 42 U.S.C. § 3607(b)(1). To qualify under that section, the housing must: (1) provide "significant facilities and services specifically designed to meet the physical or social needs of older persons, or if the provision of such facilities and services is not practicable, that such housing is necessary to provide important housing opportunities for older persons", (2) have at least 80 percent of the units occupied by at least one person 55 years of age or older, and (3) publish and adhere to policies and procedures demonstrating "an intent by the owner or manager to provide housing for persons 55 years of age or older." 42 U.S.C. § 3607(b)(2)(C).

The United States does not dispute that Eden Roc has met the age requirement; it does, however, dispute whether the other two requirements have been met. None of the material facts are disputed. Neither party disputes what facilities and services were provided. Both parties agree that Borello changed the park regulations stating this was an "adult-only" park to an "open park," and that Borello had previously written a letter to a resident announcing it "was investigating its options and would attempt to qualify as housing for older persons if possible."

As a preliminary matter, neither Hayward nor the petitioners may claim the older persons housing exemption. Although Hayward asserts Eden Roc satisfied the requirements of the older persons housing exemption, it does not assert that *Borello* claimed the exemption. Instead, Hayward attempts to claim the exemption on behalf of the petitioners. This Court concludes that only owners and managers may claim the exemption. The FHA protects certain enumerated groups from discrimination in housing.[2] Any exemptions from liability would be designed as a safe harbor for those selling or renting housing. Further, the language of section 3607(b)(2) indicates that *owners* and *managers* are the only ones who can claim the exemption. The subsection requires a publication demonstrating "intent by the owner or manager to provide housing to persons 55 years of age or older" and requires that owners and managers provide "significant facilities and services specifically designed to meet the physical and social needs of older persons" before the exemption applies. Because only owners and managers can claim the exemption for housing for older persons and Borello *never claimed* the exemption, the Court need not reach the question of whether the requirements for the exemption have been met under the relevant facts.

Hayward asserts the FHA cannot be interpreted to leave the seniors without recourse to enforce Borello's alleged promise to claim the exemption. Nothing in the record, however, indicates that Eden Roc was a senior citizens residence; park regulations stated that it was an "adults only" residence, a status which is unprotected by the FHA or any other federal statute. If Borello promised to seek the exemption, any rights arising from this promise can properly be determined in a contract action

---

**2.** 42 U.S.C. § 3604(a) provides "it shall be unlawful to refuse to sell or rent … to any person because of race, color, religion, sex, familial status, or national origin."

against Borello. Whether Hayward is exempt from the FHA is an issue which does not depend upon whether Borello bargained away its right to open Eden Roc to families with children. Hayward is not exempt from FHA liability as a matter of law.

### 2. *Hayward cannot claim arbitral immunity and/or litigant immunity.*

■ Hayward asserts its actions as administrator of a quasi-judicial proceeding entitle it to immunity in this action. As discussed above, the arbitrator acted as Hayward's agent in an administrative not judicial proceeding. The cases cited by Hayward are easily distinguished because they deal with parties who contractually agreed to submit to arbitration.

Hayward also asserts that California Code of Civil Procedure § 1280.1 applies to this action. This argument is flawed because Hayward's arbitrator was not a "neutral arbitrator" as defined by the statute. Under the statute, a "neutral arbitrator means an arbitrator who is (1) selected jointly by the parties … or (2) appointed by the court …" Cal.Civ.Proc.Code § 1280. Hayward appointed the arbitrator without Borello's voluntary consent to submit to arbitration or its participation in the selection process. Thus, the arbitrator was not "neutral."

■ Finally, Hayward asserts it has litigant immunity in this action because it acted merely as a litigant when it defended the writ brought by Borello in state court; therefore, its defense of the arbitrator's decision should not subject it to "liability for coercion, intimidation or threats." Hayward's contention is without merit.[3] Hayward's liability is not based upon its defense of the writ in state court. It is based on an alleged conflict between Hayward's application of its rent control ordinance and the FHA.

### 3. *The tenants, arbitrator and Alameda County are not indispensable parties to this action.*

■ The United States has brought its enforcement action against Hayward alone. Hayward argues the United States should have joined the tenants, the arbitrator, and Alameda County as indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure and failure to join these parties is fatal to the Complaint.

■ Under Rule 19, plaintiff is required to join persons whose interests are such that in their absence the court cannot grant complete relief to the existing parties, or any judgment rendered may (1) as a practical matter prejudice the absent parties' ability to protect their interests in later litigation, or (2) leave an existing party exposed to a substantial risk of additional liability or inconsistent obligations. Fed. R.Civ.P. 19(a); *see Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). In this action, the tenants, the arbitrator, and the Alameda County judge are not necessary parties. First, the Court can grant complete relief to the existing parties. The FHA specifically provides for enforcement by the Attorney General. *See* 42 U.S.C. § 3614. Second, as a practical matter, nonjoinder does not prejudice the absent parties because the FHA provides for enforcement by private persons (42 U.S.C. § 3613) as well as intervention in a civil action commenced by the Attorney General (42 U.S.C. § 3614(e)). Moreover, as noted above, the senior citizens may bring a contract action against Borello. Finally, Hayward would not be subject to additional liability or inconsistent obligations in the event of nonjoinder. Thus, Hayward's motion for summary judgment based on these procedural grounds is denied.

### 4. *All of the claims for relief are allowed under the FHA.*

■ The United States has asked the Court for declaratory relief, injunctive re-

---

**3.** The Court also notes that having claimed quasi-judicial immunity, it is inconsistent for Hayward to simultaneously claim litigant immunity.

lief, monetary relief for the aggrieved party, and punitive damages. Proper claims for relief in an enforcement action by the Attorney General are stated in 42 U.S.C. § 3614(d). Section 3614(d)(1) provides:

> In a civil action under … this section, the court (A) may award such preventive relief, including a permanent or temporary injunction, restraining order, or other order against the person responsible for a violation of this subchapter as is necessary to assure the full enjoyment of the rights granted by this subchapter; (B) may award such other relief as the court deems appropriate, including monetary damages to persons aggrieved; and (C) may, to vindicate the public interest, assess a civil penalty against the respondent (i) in an amount not exceeding $50,000, for a first violation; and (ii) in an amount not exceeding $100,000, for any subsequent violation.

Although the United States has stated allowable claims for relief under the FHA, an award of compensatory and/or punitive damages is discretionary. On this record, Hayward's actions were neither frivolous, malicious nor oppressive. Hayward was attempting to facilitate a dispute between a landlord and tenants, and its ordinance is not discriminatory on its face. While Hayward ran afoul of the FHA, there is no evidence of improper motive; therefore, the Court declines to award compensatory or punitive damages.

## CONCLUSION

For the reasons set forth above, the United States' motion for summary judgment is GRANTED and Hayward's motion for summary judgment is DENIED. The government's request for declaratory relief and injunctive relief is also GRANTED. Hayward's actions in this case were in violation of the FHA. Hayward interpreted Borello's attempt to open the park to families with children as a "reduction in services" under its rent control ordinance, warranting a reduction in rent for existing tenants. Such interpretation violates section 3617 of the FHA; therefore, Hayward is permanently ENJOINED from interpreting its ordinance in this manner.

The United States' request for compensatory and punitive damages is DENIED for the above stated reasons. The reduction in rent, however, may not remain in force. As of January 1, 1993, Eden Roc's rent base shall revert to the level it would have been absent the arbitrator's ruling.

Because the United States represented the interests of Borello, attorney's fees are not appropriate.

Hayward's motion for leave to amend its answer in order to add the affirmative defenses of unclean hands and failure to mitigate damages is moot; therefore, the hearing scheduled for November 13, 1992 is hereby VACATED. Judgment shall be entered for plaintiff and against defendant.

SO ORDERED.