**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE L. CREASON, | No. 14-16000 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-03731-JST |
| v. | |
| PUNEET KAUR SINGH; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted May 9, 2016
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Jane Creason ("Creason") appeals the district court's order granting

Appellees Puneet Kaur Singh, Theodore Kimball, and Kimball, Tierey & St.

John's ("Appellees") motion to dismiss. We affirm.

---

   * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Creason worked as a Senior Trial Attorney in the law firm Kimball, Tirey &

St. John, LLP ("KTS"), which specializes in representing owners and managers of

residential and commercial properties.  In 2012, KTS assigned Creason to

represent a landlord seeking to evict two tenants after a domestic violence

disturbance took place in their unit.  At a pre-trial settlement conference, Creason

obtained information that led her to believe the female tenant had a valid defense to

eviction based on her status as a domestic violence victim.[1]  Also, in Creason's

view, proceeding to trial could constitute discrimination against the tenant based

on her sex and therefore expose her client to a lawsuit under the Fair Housing Act

("FHA"), 42 U.S.C. §§ 3601-3631.  With the approval of her client's agent,

Creason negotiated a settlement that terminated the unlawful detainer proceeding

and allowed the female tenant to remain in the unit.  KTS fired Creason for failing

to take the case to trial.  Creason alleges that her termination constituted retaliation

under the FHA and several state laws.

We agree with the district court that Creason cannot state a claim for

retaliation on the theory that she "aided or encouraged" the tenant "in the exercise

---

[1] California Code of Civil Procedure § 1161.3 provides a defense to eviction
for victims of domestic violence, with some exceptions.

or enjoyment of" her rights under the FHA.[2] It is plausible that Creason believed settling the eviction lawsuit to be in the best interests of her landlord-client, and that the settlement benefitted the tenant by allowing her to remain in her home. This type of indirect or incidental assistance, however, is beyond the scope of the FHA's retaliation provision, 42 U.S.C. § 3617, and is distinguishable from *Smith v. Stechel*, 510 F.2d 1162 (9th Cir. 1975).

**AFFIRMED.**

---

[2] The district court assumed without deciding that "evicting a tenant with a valid domestic violence defense could constitute discrimination on the basis of sex in violation of Section 3604" of the FHA because the majority of domestic violence victims are women. In light of our disposition, we have no need to address this issue.