**Edward L. HOLMGREN, Plaintiff,**

v.

**LITTLE VILLAGE COMMUNITY RE-
PORTER et al., Defendants.**

No. 70 C 2236.

United States District Court,
N. D. Illinois, E. D.

Jan. 14, 1971.

F. Willis Caruso, Marilyn Brown and Ronald Samuels, Chicago, Ill., for plaintiff.

Wachowski & Wachowski, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

DECKER, District Judge.

This is an action brought against three neighborhood Chicago newspapers to permanently enjoin them from publishing classified advertisements which allegedly indicate a preference for home buyers and apartment tenants of particular national origins. Plaintiff is an American citizen of Swedish extraction who, according to his affidavit, has been injured by defendants' advertisements. The ads express preferences for buyers and tenants of various nationalities,[1] although Swedish is not one of them.

Jurisdiction is founded on 28 U.S.C. § 1331 and 42 U.S.C. § 3612. See Brown v. Lo Duca, 307 F.Supp. 102, 103–104 (E.D.Wis.1969). The cause of action arises under 42 U.S.C. § 3604(c), which makes it unlawful:

> "To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, or national origin, or an intention to make any such preference, limitation, or discrimination."

[1] Plaintiff has moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. Defendants, in responding to the motion, have not denied publishing the ads but have instead argued that they evince a preference on the part of sellers and landlords to have purchasers and tenants who speak a certain language. The ability to speak a given language, defendants argue, is not related to national origin. The purpose of requiring contracting parties to speak the same language, they say, is to foster communication and understanding between the parties, a reasonable purpose which purportedly does not violate 42 U.S.C. § 3604(c).

However, to say that the ability to speak a certain language is not related to the country of origin of that language is mere sophistry. See 1969 Duke Law Journal 731, 760. An advertisement for a Polish-speaking tenant, for example, is tantamount to an advertisement for an immigrant (or the offspring of an immigrant) of Poland itself. It is significant that § 3604(c) makes it unlawful not only to print an ad which indicates a preference based on national origin, but also an ad which indicates "an intention to make any such preference." Even if an ad for a person who speaks a certain language is deemed not to indicate a preference for a person of a certain national origin, a proposition which I find untenable, then the ad at least demonstrates "an intention" to make such a preference. Thus, the ads which indicate a preference for a purchaser or a tenant who speaks a particular language are unlawful under § 3604(c).

Defendants have not disputed plaintiff's assertion that ads for purchasers and tenants of particular national origins, without reference to the language they speak, are proscribed by § 3604(c). This is obvious from the face of the statute, and it requires that further publications thereof be discontinued.

The court appreciates the difficulties inherent in any language barrier that comes between parties negotiating a contract. However, it should be noted that this decision only prohibits defendants from printing the type of advertisements which plaintiff has appended to his motion for summary judgment. That is, defendants cannot publish ads which indicate a preference for buyers or tenants of particular national origins. This decision does not, however, pre-

---

1. Among the national origins mentioned in the ads are Polish, Bohemian, Slavish, German, Spanish and American.

**514**

clude the same sellers and landlords who are no longer permitted to express national origin preferences in newspaper ads from exercising such a preference in personal negotiations with prospective buyers and tenants, provided, of course, that the sellers and landlords come within the terms of 42 U.S.C. § 3603(b).

For the foregoing reasons, defendants are permanently enjoined from printing or publishing any advertisements with respect to the sale or rental of a dwelling which indicates a preference based on national origin, or an intention to make any such preference, including an advertisement directed to persons who speak a particular language. 42 U.S.C. § 3612(c); F.R.Civ.P. 65(d). Plaintiff's motion for summary judgment is granted.