UNITED STATES of America, Plaintiff-Appellee,

v.

YOURITAN CONSTRUCTION COMPANY, a corporation, et al., Defendants-Appellants.

No. 73-2445.

United States Court of Appeals, Ninth Circuit.

Jan. 14, 1975.

Judith Wolf (argued), Dept. of Justice, Housing Section, Washington, D. C., for plaintiff-appellee.

Gerald B. Ferrari (argued), Palo Alto, Cal., for defendants-appellants.

Before HAMLEY, MERRILL and DUNIWAY, Circuit Judges.

## OPINION

PER CURIAM:

The defendants appeal from a judgment enjoining them from violating, and requiring certain actions to ensure their complaince with, the Fair Housing Act of 1968, 42 U.S.C. §§ 3601–3631. The trial judge's findings of fact, conclusions of law, and judgment are reported in United States v. Youritan Construction Co., N.D.Cal., 1973, 370 F.Supp. 643.

Appellants mount a broadside attack on the trial court's findings, conclusions and judgment, but we find no sufficient substance in any of them, with one exception, to require a reversal. The attack on the findings is largely based on conflicting evidence, and conflicting inferences that can be drawn from the evidence. We find no clear error in the judge's resolutions of these conflicts. Assuming that, as appellants argue, certain evidence was erroneously admitted, we are convinced that its exclusion would not have affected the result. We therefore affirm the judgment for the reasons stated by the trial judge, except in one respect.

The action was filed pursuant to 42 U.S.C. § 3613 to enforce the Fair Housing Act. There is not one word in the complaint charging violation of Title VII of the Civil Rights Act of 1964 (Pub.L. 88–352, Title VII, 78 Stat. 253–266), since amended by the Equal Employment Opportunity Act of 1972 (Pub.L. 92–261, 86 Stat. 103) and codified at 42 U.S.C. §§ 2000e to 2000e–17. There is almost nothing in the record about appellants' employment practices, and what little there is was admitted only to show the appellants' state of mind. The trial judge found that all of appellants' resident managers and other persons employed to assist in the tenant application process have been white persons. There is evidence to support this finding. (Finding 3, 370 F.Supp. at 646). However, the court did not find that appellants had violated the Equal Employment Opportunity Act, and there is almost nothing in the record to sustain such a finding, if it had been made.

Nevertheless, paragraph 5 of the injunction (370 F.Supp. at 652) orders compliance with 42 U.S.C. § 2000e et seq.

We leave to another day the question whether the Attorney General could have combined in one action a proceeding to enforce the Fair Housing Act and a proceeding to enforce the Equal Employment Opportunity Act. We note, for

example, that the primary enforcer of the latter Act is now the Equal Employment Opportunity Commission, not the Attorney General. See 42 U.S.C. §§ 2000e–5 and 2000e–6(c). The fact is that in this action the Attorney General did not even purport to be enforcing the Equal Employment Opportunity Act. We think that basic requirements of notice and opportunity to defend require that paragraph 5 of the injunction be stricken.

The case is remanded to the district court with directions to strike paragraph 5 of the injunction. In all other respects, the judgment is affirmed.