Ronnie L. STACKHOUSE, Plaintiff,

v.

Donald DeSITTER, Defendant.

No. 82 C 6039.

United States District Court,
N.D. Illinois, E.D.

July 6, 1983.

F. Willis Caruso, Isham, Lincoln & Beale, Chicago, Ill., for plaintiff.

Hope F. Keefe, Keefe & Ehemanm, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Ronnie L. Stackhouse ("Stackhouse"), a black resident of Cicero, Illinois, sued Donald DeSitter ("DeSitter"), a white Cicero resident, for violation of civil rights guaranteed by 42 U.S.C. §§ 1981, 1982, 3604 and 3617.[1] Presently pending before the Court are the parties' cross motions for summary judgment.[2] For the reasons set forth below, DeSitter's motion for summary

---

1. 42 U.S.C. § 1981 declares that:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1982 declares that:

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 3604 states that:

As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful—

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, or national origin.

(c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, or national origin, or an intention to make any such preference, limitation, or discrimination.

(d) To represent to any person because of race, color, religion, sex, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.

(e) For profit, to induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular race, color, religion, sex, or national origin.

42 U.S.C. § 3617 provides that:

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title. This section may be enforced by appropriate civil action.

2. Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), 2201, 42 U.S.C. § 3612, and this Court's pendent jurisdiction.

judgment is granted, and Stackhouse's motion for summary judgment is denied.

Stackhouse's complaint states that on April 10, 1982, DeSitter threw a bottle filled with lighter fluid into Stackhouse's parked automobile. Stackhouse put out the fire started by the object. When Stackhouse began to drive to the police station, DeSitter allegedly pelted his car with ice, rocks, and stones. Moreover, Stackhouse alleges that he believes that DeSitter broke a window and slashed the tires of his automobile. DeSitter's conduct in causing Stackhouse to become apprehensive when parking his car in front of his apartment and entering the hallway of his apartment building, intimidated him, interfered with his housing rights, and denied him the same rights as white citizens to enjoy housing, in violation of the aforecited statutes. In his motion for summary judgment, Stackhouse reiterates the facts stated in the complaint, emphasizing that during his deposition, DeSitter refused to answer questions asked of him on Fifth Amendment grounds.[3] DeSitter argues that Stackhouse's complaint lacks factual allegations giving rise to an inference that DeSitter's conduct was racially motivated. He also asserts that the complaint fails to state a cause of action under the aforementioned statutes, and concludes that he is entitled to summary judgment. Neither Stackhouse nor DeSitter offer any case law as authority for their respective positions.

■ In support of a motion for summary judgment, the moving party has the burden of showing that there is no dispute as to any genuine issue of fact material to a judgment in his favor as a matter of law. *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir.1979). The non-moving party is entitled to all reasonable inferences that can be made in its favor from the evidence in the record, *United States v. Diebold, Inc.,* 369 U.S. 654, 655,

82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Moutoux v. Gulling Auto Electric,* 295 F.2d 573, 576 (7th Cir.1961). Where cross-motions for summary judgment are filed, as in the instant case, the court must rule on each motion individually, based upon affidavits and other proof submitted by the parties. 10 C. Wright & A. Miller, Federal Practice and Procedure § 2720 (1973). We must therefore consider the parties' motions with these standards in mind, as we examine each of the statutes relied upon by Stackhouse in his complaint.

### Section 1981

■ An examination of the text of § 1981, *see* note 1 *supra,* indicates Congress' intent to insure that all persons in the United States have the same rights as white persons to make and enforce contracts. It is settled that § 1981 reaches private racial discrimination in employment. *Waters v. Wisconsin Steel Works of International Harvester Co.,* 427 F.2d 476 (7th Cir.1970), *cert. denied,* 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970); *Seidel v. Chicago Savings and Loan Assn.,* 544 F.Supp. 508 (N.D. Ill.1982). In arriving at this conclusion, the Seventh Circuit focused upon the legislative history of § 1981, and determined that § 1981 was enacted pursuant to the Thirteenth Amendment. *Waters,* 427 F.2d at 482–83. Courts have also held that § 1981 protects, *inter alia,* the right of access to hospitals, *United States v. Medical Society of South Carolina,* 298 F.Supp. 145 (D.S.C. 1969), publicly supported facilities, *Jennings v. Patterson,* 460 F.2d 1021 (5th Cir.1972), *modified,* 488 F.2d 436 (5th Cir.1974), private recreational facilities, *Scott v. Young,* 421 F.2d 143 (4th Cir.1970), *cert. denied,* 398 U.S. 929, 90 S.Ct. 1820, 26 L.Ed.2d 91 (1970).

Section 1981 has also been invoked to vindicate housing rights, *e.g., Marable v. H. Walker & Associates,* 644 F.2d 390 (5th Cir. 1981). In *Marable,* however, the plaintiff

---

**3.** At the time of his deposition, a criminal charge against DeSitter arising out of the identical facts pleaded in the instant case was pending in the Circuit Court of Cook County, Illinois. This may explain DeSitter's refusal to answer questions at his deposition. On June 13, 1983, DeSitter was found guilty of arson under Ill.Rev.Stat. ch. 38 § 20–1 for the firebombing of Stackhouse's car.

alleged that defendants refused to rent an available apartment to him because of his race. The interference with Marable's right to make a rental contract was clear. In the instant case, however, it is difficult to ascertain what sort of contract rights DeSitter has violated. It might be intended that DeSitter's firebombing of Stackhouse's car interfered with the latter's housing contract, by forcing him to park further from his home and making him afraid to enter his hallway. But we have found no precedent to support such a broad reading of § 1981, and Stackhouse offers no explanation as to how his claims might be actionable under this provision.

### Section 1982

Since *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), it has been clear that § 1982 bars all racial discrimination, public as well as private, with respect to the rights enumerated therein. *Id.* at 413, 88 S.Ct. 2189. But that statute ensures that all citizens will have the same rights as white citizens to inherit, purchase, lease, sell, hold and convey real and personal property. Thus, refusal to sell property based upon race has been held to violate this section, *id.* And courts have held a claim that an eviction was racially motivated stated a cause of action under § 1982. *Gore v. Turner,* 563 F.2d 159 (5th Cir.1977). Charging a black buyer an unreasonably high price for a home where a dual housing market exists due to racial segregation also violates this section, *Clark v. Universal Builders,* 501 F.2d 324 (7th Cir.1974), *cert. denied,* 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666 (1974). But an

examination of Stackhouse's complaint fails to reveal how DeSitter has deprived him of his right to inherit, purchase, lease, sell, hold or convey personal property. Perhaps Stackhouse is arguing that the firebombing of his car deprived him of his rights to lease his apartment. Once again, Stackhouse cites no authority for the proposition that his claims against DeSitter violate this section. We have found no such authority. Moreover, nothing in the legislative history of § 1982 justifies construing this section broadly enough to encompass the conduct at issue here.

### Sections 3604 and 3617 of the Civil Rights Act of 1968

According to § 3617, it is unlawful to coerce, intimidate, threaten or interfere with the exercise of any rights granted by § 3604.[4] Section 3604 in turn makes unlawful a variety of practices, including, *inter alia,* refusal to sell, rent or otherwise make unavailable a dwelling because of race, discrimination in the provisions of services or facilities in connection with sales or rentals, the publishing of statements indicating a preference or limitation based upon race and false representation that a dwelling is not available because of race. The conduct by DeSitter of which Stackhouse complains does not fall into any of the proscribed practices outlined in § 3604, and we have found no support for the proposition that the acts of DeSitter would be actionable under § 3617 in either case law or legislative history.[5]

### Conclusion

The statutes under which DeSitter has brought his complaint do not provide a fed-

4. Section 3617 also renders unlawful interference with rights guaranteed in §§ 3603, 3605 and 3606. Section 3603 provides definitions of certain terms, sets forth exemptions to § 3604, and provides effective dates for the prohibitions in the statute. Section 3605 involves discrimination in the financing of housing, while § 3606 covers brokerage services. None of these sections are involved in the instant matter.

5. While the court in *Laufman v. Oakley Building & Loan Co.,* 408 F.Supp. 489 (S.D.Ohio 1976), denied that a violation of § 3604 was

necessary before a violation of § 3617 could be found, stating that such an interpretation would render § 3617 redundant, that court also found defendant's conduct to be in violation of §§ 3604 and 3605. *Id.* at 497–98. Moreover, the Seventh Circuit has expressly declined to decide whether § 3617 can ever be violated by conduct that does not violate the other sections of the Fair Housing Act of 1968. *Metropolitan Housing Development Corp. v. Village of Arlington Heights,* 558 F.2d 1283, 1288 n. 5 (7th Cir.1977), *cert. denied,* 434 U.S. 1025, 98 S.Ct. 752, 54 L.Ed.2d 772 (1978).

eral remedy for the wrongs he has suffered.[6] Accordingly, DeSitter's motion for summary judgment is granted, and Stackhouse's motion for summary judgment is denied. It is so ordered.

6. His sole remedy against DeSitter may lie in a tort action against DeSitter in state court. We also observe that 42 U.S.C. § 3631 may be applicable to situation cases such as the instant matter. That section provides for, *inter alia,* fines and prison terms for wilful interference with housing rights.