**Ronnie L. STACKHOUSE, Plaintiff,**

v.

**Donald DeSITTER, Defendant.**

No. 82 C 6039.

United States District Court,
N.D. Illinois, E.D.

Aug. 19, 1985.

F. Willis Caruso, Isham, Lincoln & Beale, Chicago, Ill., for plaintiff.

Hope F. Keefe, Keefe & Ehemann, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Ronnie L. Stackhouse ("Stackhouse") brings this action against defendant Donald DeSitter ("DeSitter"), alleging violations of his civil rights under 42 U.S.C. §§ 1981, 1982 and 3617. Stackhouse, a black resident of Cicero, Illinois, claims that DeSitter, a white Cicero resident, "interfered with and intimidated him with respect to his housing rights" by firebombing and otherwise damaging his automobile. On the parties' cross-motions for summary judgment, which neither party supported with the citation of any case law, the Court

granted DeSitter's motion and denied Stackhouse's motion. *Stackhouse v. DeSitter,* 566 F.Supp. 856 (N.D.Ill.1983). Presently before the Court is Stackhouse's motion to reconsider that decision. For the reasons set forth below, Stackhouse's motion to reconsider is denied in part and granted in part.

### *Sections 1981 and 1982*

Although Stackhouse has now cited some legal authority to bolster his claims, we decline to modify our ruling that §§ 1981 and 1982 should not be read so broadly as to encompass the acts complained of in Stackhouse's complaint.[1] The Supreme Court has held that § 1982 bars all racial discrimination, private as well as public, in the sale or rental of property. *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968). But the *Jones* Court also noted that "[w]hatever else it may be, 42 U.S.C. § 1982 is not a comprehensive open housing law," and the Court stressed the "sharp contrast" between § 1982 and the much more expansive Fair Housing Act ("the Act"), codified at 42 U.S.C. §§ 3601–3631. *Id.,* 392 U.S. at 413–14, 88 S.Ct. at 2189–90; *see also Cornelius v. City of Parma,* 374 F.Supp. 730, 743 (N.D.Ohio 1974). Thus, although the language of § 1982 should not be construed too narrowly, *Sullivan v. Little Hunting Park, Inc.,* 396 U.S. 229, 237, 90 S.Ct. 400, 404, 24 L.Ed.2d 386 (1969), it clearly does not reach every act of racial discrimination that is somehow related to housing.[2] Stackhouse contends that the courts have applied the same tests for housing violations under

---

1. 42 U.S.C. § 1981 declares that:

   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

   42 U.S.C. § 1982 provides that:

   All citizens of the United States shall have the same right, in every State and Territory,

   as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

2. One court has found a § 1982 cause of action in a situation similar to that faced by Stackhouse, based on the right *to hold* real property. *Pina v. Township of Abington,* P.H.E.O.H. Rptr. ¶ 15,257 (E.D.Pa.1978). Other courts, however, have *declined to expand the reach* of §§ 1981 and 1982 in cases which involved valid fair housing claims under the Act. *E.g., Smith v. Stechel,* 510 F.2d 1162 (9th Cir.1975); *Tokaji v. Toth,* P.H.E.O.H. Rptr. ¶ 13,679 (N.D.Ohio 1974).

§ 1981 as under § 1982; as with the latter section, we believe § 1981 should not be read so broadly as to apply to this case. Accordingly, Stackhouse's motion to reconsider is denied with respect to his §§ 1981 and 1982 claims.

### Section 3617

Stackhouse's claim under the Fair Housing Act is a different matter.

■ Congress has declared that the purpose of the Act is "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. The Act establishes a strong and unquestionable congressional intent to use every available means to limit public and private conduct which prevents racial minorities from escaping urban ghettos and obtaining housing in the suburbs. *Metropolitan Housing Development Corp. v. Village of Arlington Heights*, 469 F.Supp. 836, 845 (N.D.Ill.1979), *aff'd*, 616 F.2d 1006 (7th Cir.1980). The language of the Act is "broad and inclusive" and subject to "generous construction." *Id.*, 616 F.2d at 1011, quoting *Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. 205, 209, 212, 93 S.Ct. 364, 367, 368, 34 L.Ed.2d 415 (1972).

Stackhouse claims that DeSitter violated § 3617 of the Act. Section 3617 provides that:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title. This section may be enforced by appropriate civil action.

Section 3617 refers to rights granted or protected by §§ 3603–3606 of the Act. As noted in our previous opinion, § 3604 is the only one of these sections arguably applicable to Stackhouse's suit; it makes unlawful various practices including, *inter alia:* refusing to sell or rent a dwelling, or otherwise making it unavailable, because of race; discrimination in providing services or facilities connected with sales or rentals; publishing statements which indicate a preference or limitation based upon race; and falsely representing that a dwelling is not available because of race.[3] We also observed that it was unsettled whether § 3617 could be violated by conduct which did not also violate one of the other enumerated sections. The Seventh Circuit has expressly declined to decide this question, *Metropolitan Housing Development Corp. v. Arlington Heights*, 558 F.2d 1283, 1288 n. 5 (7th Cir.1977), *cert. denied*, 434 U.S. 1025, 98 S.Ct. 752, 54 L.Ed.2d 772 (1978), and the court in *Laufman v. Oakley Building & Loan Co.*, 408 F.Supp. 489 (S.D.Ohio 1976), addressed the issue in *dicta*.[4]

■ We now hold that § 3617 may be violated absent a violation of § 3603, 3604, 3605 or 3606. In the first place, we agree with the *Laufman* court—reading § 3617 as dependent on a violation of the enumerated sections would render § 3617 superfluous. Whenever possible, each provision of a legislative enactment is to be interpreted as meaningful and not as surplusage. *Id.*, 408 F.Supp. at 498.[5]

Second, the wording of the statute itself indicates that a violation of §§ 3603–3606 will sometimes, but not always, be involved. Section 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with any person" in three distinct circum-

---

**3.** Section 3603 defines certain terms, sets forth exemptions to § 3604 and provides effective dates for the prohibitions in the statute. Section 3605 involves discrimination in the financing of housing, while § 3606 covers brokerage services.

**4.** The *Laufman* court found that a § 3617 violation could be stated independently of a violation

of another enumerated section, because a contrary interpretation would make § 3617 redundant. 408 F.Supp. at 497–98.

**5.** *See also United States v. Menasche*, 348 U.S. 528, 538–39, 75 S.Ct. 513, 520, 99 L.Ed. 615 (1955) (a court must give effect, if possible, to every clause and word of a statute).

stances: (1) in the exercise or enjoyment of any right protected by §§ 3603–3606; (2) on account of the person's having exercised or enjoyed such a right; and (3) on account of his having aided or encouraged any other person in the exercise or enjoyment of such a right. In the first situation, the prohibited coercive conduct might well interrupt the exercise of some enumerated right, resulting, in violations of both § 3617 and another statutory section. In the second and third circumstances, however, the coercive or threatening conduct which violates § 3617 occurs *after* the enumerated rights have been exercised, and these rights might not be violated themselves. One example of a situation falling within the scope of the third phrase is when an apartment building owner fires or otherwise retaliates against a building manager who has rented a unit to a black (or other minority member) against the owner's wishes. Courts in these cases have had no difficulty in finding a violation of § 3617, even when §§ 3603–3606 have been complied with. *E.g., Smith v. Stechel,* 510 F.2d 1162 (9th Cir.1975); *Tokaji v. Toth,* P.H.E.O.H. Rptr. ¶ 13,679 (N.D.Ohio 1974). Similarly, the second phrase prohibits coercive acts taken against persons who already have exercised their rights to fair housing.

■ This is precisely what Stackhouse has alleged. He claims that after he and his family exercised their right to rent an apartment free of racial discrimination, as protected by § 3604, DeSitter attempted to frighten and drive them away from the previously all-white neighborhood through acts of violence and property damage. Such conduct is squarely within the range of actions prohibited by § 3617, whether or not any other section of the Act was violated.[6] Thus, Stackhouse's motion to reconsider with respect to § 3617 is granted.

At this time, both parties' motions for summary judgment on the § 3617 claim must be denied. It is clear that DeSitter did in fact firebomb Stackhouse's car; on June 13, 1983, DeSitter was convicted of arson under Ill.Rev.Stat. ch. 38, § 20–1 for doing so. However, Stackhouse has not yet demonstrated that DeSitter's action was motivated by racial animus.[7] Stackhouse is entitled to present his case to the trier of fact, and DeSitter may explain his actions if he so desires.

Accordingly, Stackhouse's motion to reconsider is denied in part and granted in part.[8] A status hearing will be held on August 23, 1985, at 10:30 a.m. It is so ordered.

6. Even if it *were* necessary that there be a violation of § 3603, 3604, 3605 or 3606, it could be argued that DeSitter's alleged acts violated § 3604(a) by "otherwise mak[ing] unavailable or deny[ing] a dwelling" to Stackhouse. This phrase appears to be as broad a prohibition as Congress could have made, and all practices which have the effect of making dwellings unavailable on the basis of race are therefore unlawful. *United States v. Housing Authority of the City of Chickasaw,* 504 F.Supp. 716, 726–27 (S.D.Ala.1980); *United States v. Hughes Memorial Home,* 396 F.Supp. 544, 549 (W.D.Va.1975); *United States v. City of Parma,* P.H.E.O.H. Rptr. ¶ 13,616 (N.D.Ohio 1973); *United States v. Youritan Construction Co.,* 370 F.Supp. 643, 648 (N.D.Cal.1973), *aff'd in relevant part,* 509 F.2d 623 (9th Cir.1975); *Zuch v. Hussey,* 366 F.Supp. 553, 556–57 (E.D.Mich.1973); *see also Laufman,* 408 F.Supp. at 492–93. However, given our interpretation of § 3617, we need not find a violation of § 3604(a) here.

7. When DeSitter was deposed, the criminal charge was pending against him, and he refused to answer questions regarding the facts of this case.

8. Given this ruling, DeSitter is not a prevailing party, and his motion for attorney's fees is denied.