Susanne LITTLEFIELD, Plaintiff,

v.

Wally MACK, Santa Maria Realty, Osvaldo Kennardo and Malcolm McGuffey, Defendants.

No. 88 C 9803.

United States District Court, N.D. Illinois, E.D.

Dec. 10, 1990.

Aram Hartunian, Steven P. Schneck, Hartunian, Futterman & Howard, Chtd., Chicago, for plaintiff.

Richard H. Hoffman, Querrey & Harrow, Ltd., John T. Harris, James T. Elsesser & Associates, Ltd., Chicago, for defendants.

## ON MOTION FOR RECONSIDERATION

ANN C. WILLIAMS, District Judge.

Defense counsel ask the court to (1) reconsider its imposition of sanctions against them for filing a frivolous motion for judgment notwithstanding the verdict and (2) to reduce Ms. Littlefield's attorneys' fees award for preparing the original petition and for other post-judgment work. 750 F.Supp. 1395. None of their arguments has any merit.

■ The defendants repeat their argument that Ms. Littlefield "presented absolutely no evidence indicating that Wally Mack had any type of discriminatory intent against the plaintiff prior to the time that he rejected her rental application.... Nonetheless, the Court has chosen to disregard those facts, and interpret the evidence in accordance with the plaintiff's version of the facts." Response Brief, p. 2. This claim is no more persuasive now than it was in the original JNOV motion. First, to the extent that the court accepts Ms. Littlefield's version of the facts, it does so because that's what the jury did when it ruled in her favor. Second, defense counsel persist in misunderstanding their role, and the role of this court, in a JNOV motion. They again state that there was no evidence of discriminatory intent prior to the rejection. In the first place, this is irrelevant, since post-discrimination acts can be probative of discriminatory intent. See, e.g., *English v. General Development Corp.*, 717 F.Supp. 628, 631–32 (N.D.Ill. 1989); *Riordan v. Kempiners*, 831 F.2d 690, 698–99 (7th Cir.1987). In the second place, this is not the relevant inquiry anyway. A JNOV can be granted only if the evidence as a whole, with all reasonable inferences favoring Ms. Littlefield, does not support the verdict. *Cygnar v. City of Chicago*, 865 F.2d 827, 834 (7th Cir.1989). Since the evidence overwhelmingly supports a finding of discriminatory intent, *Moore v. Townsend*, 525 F.2d 482, 485 (7th Cir.1975) and harassment, *Stackhouse v. DeSitter*, 620 F.Supp. 208, 210–11 (N.D.Ill. 1985) (Aspen, J.), the JNOV motion was

frivolous. Defense counsel press their argument as if the court were obligated to rule as an initial matter whether there was or was not discriminatory intent. Not so. The relevant inquiry is whether the jury *could* find that there was such intent. It was frivolous to suggest that it could not.

 Defense counsel complain that the court unfairly zeroed in on only a small part of their motion, found it sanctionable, and ignored the rest of what they had to say. Their motion had two pages on punitive damages, three and one-half pages on discriminatory intent, and one and one-half pages on emotional distress. Most of their argument thus focused on their frivolous claim and it was proper to sanction them for it. *Melrose v. Shearson/American Express, Inc.*, 898 F.2d 1209, 1215 (7th Cir. 1990).

Last, defense counsel bewail the potential for Rule 11 to discourage vigorous advocacy or quash creativity. They flatter themselves. There is nothing creative about ignoring the standards for a JNOV. And as for "vigorous advocacy," it is indeed a lawyer's duty, but only within the bounds of the law. Defense counsel far exceeded those bounds. (Perhaps it was in a fit of vigorousness that even his lawyers became confused by Malcolm McGuffey a.k.a. Wally Mack a.k.a. Santa Maria Realty a.k.a. Osvaldo Kennardo a.k.a. "the old man" a.k.a. Eddie Romero's multiple selves when they wrote, "Nonetheless, it is this Court's solemn duty to listen to the defendants' arguments and to allow *him* the opportunity to vigorously defend *themselves* ...." (emphasis added)).

The motion to reconsider the imposition of sanctions is denied.

The court has examined the plaintiff's attorneys' petition and finds it to be reasonable as to time spent and as to expenses. Defense counsel offer only perfunctory objections. The court accordingly awards fees for preparing the original petition in the amount of $6,032.50, for other post-judgment work in the amount of $10,604, and for expenses of $10,797.88. The $500 sanction must be paid to the Clerk of the court within ten (10) days.