**UNITED STATES of America,
Plaintiff,**

v.

**Dennis C. POSPISIL, et
al., Defendants.**

**No. 98–6078–CV–SJ–SOW.**

United States District Court,
W.D. Missouri,
St. Joseph Division.

Dec. 5, 2000.

Charles M. Thomas, Asst. U.S. Atty., Kansas City, MO, for Plaintiff.

Dennis Pospisil, Florence, CO, Pro se.

Barney Pospisil, Bradley D. Honnold, Kansas City, MO, for Defendants.

Ted Fenton, Waseca, MN, Pro se.

## ORDER

SCOTT O. WRIGHT, Senior District Judge.

Before the Court are plaintiff's Motion for Default Judgment, or in the Alternative for Partial Summary Judgment (Doc. # 18), plaintiff's Suggestions in Support (Doc. # 17), defendant Barney Pospisil's Cross–Motion for Summary Judgment (Doc. # 23), defendant Barney Pospisil's Suggestions in Opposition and in Support (Doc. # 24), defendant Dennis Pospisil's Suggestions in Opposition (Doc. # 25), plaintiff's Suggestions in Opposition to defendant Barney Pospisil's Cross–Motion (Doc. # 29), and plaintiff's Reply (Doc. # 28). For the reasons stated herein, plain-

tiff's motion is granted and defendant Barney Pospisil's motion is denied.

## I. *Background*

This action was filed on May 7, 1998. It is an "election" case under the Fair Housing Act, § 801 *et seq.* (Title VIII) of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, codified as 42 U.S.C. §§ 3601 *et seq.* The Act provides that if HUD determines that reasonable cause exists to believe that a discriminatory housing practice has occurred, it will issue a charge on behalf of the aggrieved person. *See* 42 U.S.C. § 3610(g)(2)(A). Once the charge has been issued, a complainant, respondent, or aggrieved person may elect to have the claims asserted in the charge decided in a civil action rather than in an administrative hearing. 42 U.S.C. § 3612(a). Upon such an election, the Attorney General is to commence the civil action in the district court on behalf of the aggrieved person. 42 U.S.C. § 3612(*o*)(1). Thus, this action was filed by the United States of America after the three named defendants filed a Joint Notice of Election.

All three defendants were timely served with the Complaint and Summons. Defendant Barney Pospisil requested and was appointed counsel. Neither of the other defendants requested counsel. On or about July 3, 2000, plaintiff filed a motion for default judgment, or in the alternative for summary judgment, as none of the defendants had filed an answer or other responsive pleading at that time. Since the motion was filed, defendants Barney Pospisil and Dennis Pospisil have sought and obtained leave of Court to file their answers out of time. Accordingly, neither of these defendants is subject to a default judgment. Defendant Ted Fenton has not filed a responsive pleading.

This civil action arises from a cross-burning incident on August 22, 1997. A cross was constructed and lit on fire on the lawn of Liza M. Costa in Rushville, Missouri. Ms. Costa is from the Cape Verde Islands and she is non-white in appearance. At the time of the incident, Ms. Costa was residing in a single-family home that she had rented from the home's owner. Her three minor children resided with her in the home. The cross-burning occurred after dark on the night of August 22, 1997, while Ms. Costa was in the home with her three children.

Defendants Dennis Pospisil, Barney Pospisil, and Ted Fenton were indicted by a grand jury and later tried by a jury in connection with the cross-burning incident. Defendant Dennis Pospisil was found guilty of conspiracy to oppress, threaten, and intimidate Costa and her family in the free exercise of their housing rights in violation of 18 U.S.C. § 241 (the "conspiracy charge"); of willful intimidation and interference with the housing rights of Costa and her children by burning a cross in her front yard in violation of 42 U.S.C. § 3631 and 18 U.S.C. § 2 (the "intimidation and interference charge"); and of knowingly using a firearm during and in relation to the intimidation and interference charge in violation of 18 U.S.C. §§ 924 and 2 (the "firearm charge"). The jury found defendants Barney Pospisil and Ted Fenton guilty on the conspiracy charge, but not guilty on the intimidation and interference charge. In 1998, judgments were entered against each defendant in accordance with the verdicts. Included in the judgments of conviction against defendants were orders of restitution, ordering the three defendants to pay jointly and severally the amount of $465.

Meanwhile, on September 25, 1997, Ms. Costa filed a complaint with the United States Department of Housing and Urban Development ("HUD"), charging that the defendants and others had violated her rights and those of her children under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, based upon the cross-burning incident and the events surrounding it. On April 2, 1998, HUD issued a Charge of Discrimination against defendants pursuant to 42 U.S.C. § 3610(g)(2)(A), charging a violation of 42 U.S.C. § 3617 in connection with

the cross-burning incident and the events surrounding it.

Plaintiff alleges that Costa and her family were damaged by the cross-burning in that they have suffered emotional trauma and pain. Costa claims, in a sworn affidavit, that she has feared for her safety and that of her children as a result of the cross-burning. The premise of plaintiff's motion for summary judgment is that defendants are estopped by their criminal convictions from denying their violation of 42 U.S.C. § 3617.

## II. *Standard*

### A. *Default Judgment*

Federal Rule of Civil Procedure 55 provides for entry of a judgment by default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Failure to comply with court orders, as well as failure to plead, is a ground for default judgment. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir.1996). Although the *pro se* status of a defendant is a factor to consider when evaluating the defendant's pleadings, *pro se* status is no excuse for failure to comply with the federal rules or court orders. *See Ackra*, 86 F.3d at 856–57 (8th Cir.1996).

### B. *Summary Judgment*

A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Rafos v. Outboard Marine Corp.*, 1 F.3d 707, 708 (8th Cir.1993) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). A defendant who moves for summary judgment has the burden of showing that there is no genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A plaintiff opposing a properly

supported motion for summary judgment may not rest upon the allegations of her pleadings, "but must set forth specific facts showing there is a genuine issue for trial." *Id.*

## III. *Discussion*

### A. *Default Judgment*

Defendant Ted Fenton has failed to answer or respond to the complaint which was served on him in 1998. He has also failed to respond to the orders of this Court dated April 26, 1999 and June 15, 1999. Thus, pursuant to Federal Rule of Civil Procedure 55(a), a default judgment is entered against defendant Ted Fenton.

### B. *Summary Judgment*

#### 1. *Application of 42 U.S.C. § 3617*

 Pursuant to 42 U.S.C. § 3617, it is unlawful to (1) coerce, (2) intimidate, (3) threaten, *or* (4) interfere with any person:

2. In the exercise or enjoyment of any right protected by 42 U.S.C. §§ 3603, 3604, 3605, or 3606;

3. On account of the person's having exercised or enjoyed such a right; *or*

4. On account of the person's having aided or encouraged any other person in the exercise or enjoyment of such a right.

A violation of section 3617 requires only that a person be coerced, intimidated, threatened, or interfered with in exercising or enjoying, or on account of having exercised or enjoyed, any right protected by these sections. *Johnson v. Smith,* 810 F.Supp. 235, 239 (N.D.Ill.1992); *Stackhouse v. DeSitter,* 620 F.Supp. 208, 210–211 (N.D.Ill.1985). This construction of § 3617 is consistent with HUD's regulation providing that the conduct made unlawful by § 3617 includes:

Threatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color, religion, sex, handicap, familial status, or

national origin of such persons, or of visitors or associates of such persons. 24 C.F.R. § 100.400(c)(2).

In *Johnson,* the court held that a complaint alleging a racially motivated conspiracy and cross-burning in the yard of the home of a Caucasian woman and her children and daughter-in-law, who were of African–American descent, stated a claim by all of the family members under § 3617. 810 F.Supp. at 236–239. Plaintiff relies on *Johnson* in asserting that the Costa family, on whose behalf this suit is brought, also have a claim under § 3617 for the racially motivated conspiracy and cross-burning in their yard.

Defendant Barney Pospisil has filed a cross-motion for summary judgment in which he alleges that the Fair Housing Act is not applicable to his alleged conduct. Defendant Barney Pospisil would limit the Fair Housing Act to ensuring access to fair housing and would limit violations of 42 U.S.C. § 3617 on substantive violations of 42 U.S.C. §§ 3603, 3604, 3605, or 3606. As Mr. Pospisil acknowledges, the Eighth Circuit Court of Appeals has not decided the issue of whether a section 3617 claim must be predicated on a violation of sections 3603, 3604, 3605, or 3606. The Second Circuit Court of Appeals has decided this issue in favor of Mr. Pospisil's position. *See Frazier v. Rominger,* 27 F.3d 828, 834 (2nd Cir.1994). The Ninth and Eleventh Circuits have adopted the broader interpretation relied upon by plaintiff. *See United States v. City of Hayward,* 36 F.3d 832, 836 (9th Cir.1994); *Sofarelli v. Pinellas County,* 931 F.2d 718, 722 (11th Cir. 1991).

The Court is not persuaded by defendant Barney Pospisil's argument that section 3617 should be limited to violations of sections 3603, 3604, 3605, or 3606. As plaintiff points out, such a construction renders § 3617 a redundant section. Furthermore, it is inconsistent with the HUD regulations. Accordingly, defendant Barney Pospisil's cross-motion for summary judgment is denied.

2. *Effect of the Criminal Convictions*

■ Plaintiff suggests that defendants are estopped by their criminal convictions from denying that they violated § 3617 based upon their actions against the Costa family. Pursuant to 18 U.S.C. § 3664(1):

A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.

With regard to Dennis Pospisil, on the intimidation and interference charge alone, the jury found that he (1) burned the cross to threaten or induce fear of imminent physical force or violence; (2) intimidated or interfered with, or attempted to intimidate or interfere with, the Costa family's right to rent, hold, or occupy their home; and (3) burned the cross because the Costa family was attempting to rent, own, or occupy the home free from discrimination. Under 18 U.S.C. § 3664(1), these facts may be applied against Dennis Pospisil in assessing his liability under § 3617. Section 3617 makes it unlawful to "coerce, intimidate, threaten, or interfere with" a person in enjoying or exercising, or on account of having enjoyed or exercised, a right granted or protected by 42 U.S.C. §§ 3603, 3604, 3605, or 3606. As previously discussed, this Court adopts the broader interpretation of § 3617 recognized in *United States v. City of Hayward,* 36 F.3d 832 at 836; *Sofarelli v. Pinellas County,* 931 F.2d at 722. Accordingly, the necessary findings made by the jury in Dennis Pospisil's case also support a finding that his actions violate § 3617.

■ Similarly, in finding defendant Barney Pospisil guilty on the conspiracy charge, the jury found that he (1) conspired to interfere with the Costa's right to rent, hold, or occupy their home, and did so because of the Costa's race, color, or

national origin; (2) had the purpose of injuring, oppressing, threatening, or intimidating; and (3) acted (a) with the intent to advocate the imminent use of force or violence such that his conduct was likely to produce force or violence; or (b) with intent to threaten one or more members of the Costa family with violence; or (c) with intent to cause one or more members of the Costa family to fear force or violence. Furthermore, as established by the affidavit of Liza M. Costa, not only did Ms. Costa and her family experience the violent product of this conspiracy, they learned of the conspiracy itself. The knowledge of this conspiracy itself threatened the Costa family. Barney Pospisil's criminal conviction establishes that the result was intentional, that it was racially motivated, and that it was directed at the Costa's enjoyment of their housing rights.

### 3. *Section 3603(b)(1) Exemption*

An exemption to the provisions of § 3604 is set forth in 42 U.S.C. § 3603(b)(1) which states that nothing in § 3604 other than § 3604(c) applies to a single-family house sold or rented by the owner. The Costa home was a single-family house rented to Costa by the owner; however, while the owner may not have been subject to many of the prohibitions that protect the right to rent or purchase a dwelling without being subjected to discrimination, the defendants are not entitled to benefit from the § 3603(b)(1) exemption. Several cases have affirmed the existence of a cause of action under § 3617, for discriminatory interference with enjoyment of occupancy, without any indication that any of the specific substantive rights accorded by §§ 3603–3606 applied to the victim. *See e.g., Stirgus v. Benoit,* 720 F.Supp. 119, 123 (N.D.Ill. 1989); *Byrd v. Brandeburg,* 922 F.Supp. 60, 63–64 (N.D.Ohio 1996); *LeBlanc-Sternberg v. Fletcher,* 781 F.Supp. 261, 271 (S.D.N.Y.1991).

Furthermore, the exemption resulted from compromises relating to concerns expressed for the owner's privacy. *See Singleton v. Gendason,* 545 F.2d 1224, 1226–1227 (9th Cir.1976). It should not be construed to protect a cross-burner or firebomber with no interest in the house itself.

For these reasons, plaintiff's motion for summary judgment against defendants Dennis Pospisil and Barney Pospisil is granted.

### IV. *Conclusion*

Accordingly, for the reasons stated above, it is hereby

ORDERED that plaintiff's Motion for Default Judgment, or in the Alternative for Partial Summary Judgment (Doc. # 18) is granted. It is further

ORDERED that a default judgment is entered against defendant Ted Fenton pursuant to Federal Rule of Civil Procedure 55(a). It is further

ORDERED that summary judgment is entered against defendants Dennis Pospisil and Barney Pospisil. It is further

ORDERED that defendant Barney Pospisil's Cross–Motion for Summary Judgment (Doc. # 23) is denied.